# IN THE UNITED STATES DISTRICT COURT FOR THE
## WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| **PHILLIP BERNARD CARTHEN,** | ) | |
| | ) | |
| **Petitioner,** | ) | |
| | ) | |
| v. | ) | Case No. CIV-07-596-R |
| | ) | |
| **GLENN BOOHER,** | ) | |
| | ) | |
| **Respondent.** | ) | |

## ORDER

Petitioner, a state prisoner appearing pro se, filed this action seeking a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Pursuant to 28 U.S.C. § 636(b)(1)(B), this matter was referred to United States Magistrate Judge Doyle W. Argo for preliminary review. On September 13, 2007, Judge Argo issued a Report and Recommendation wherein he recommended that the petition be transferred to the United States Court of Appeals for the Tenth Circuit because it was a second or successive petition. The matter is currently before the Court on Petitioner's objection to the Report and Recommendation.

As a matter of law, the Court undertakes *de novo* review of those portions of the Report and Recommendation to which specific objection has been made. *See* 28 U.S.C. § 636 (b)(1)(C); *Summers v. State of Utah*, 927 F.2d 1165, 1167 (10th Cir.1991). The Court applies a "firm waiver rule," which holds "that a party's objection to the magistrate judge's report and recommendation must be both timely and specific to preserve an issue for de novo review by the district court or for appellate review." *United States v. One Parcel of Real Property*, 73 F.3d 1057, 1060 (10th Cir.1996).

The Report and Recommendation sets forth the procedural history of Petitioner's § 2254 challenges to his conviction in Case No. CF-1998-1308, District Court of Oklahoma

County. In his objection Petitioner attempts to avoid the characterization of his petition as second or successive; however, his attempt cannot succeed. Petitioner previously sought § 2254 relief with regard to this conviction, and 28 U.S.C. § 2244(b)(3)(A) precludes a second or successive petition without leave from the Court of appeals.

Judge Argo correctly concluded that Petitioner is seeking to challenge a conviction that he has previously and unsuccessfully challenged. Petitioner has previously pursued a § 2254 challenge to this conviction, and therefore he may not seek relief in this Court without leave from the United States Court of Appeals for the Tenth Circuit. *See* 28 U.S.C. §§ 1631, 2244(b)(3). Petitioner does not ask that the Court transfer this case to the Circuit, rather, he argues that this is a § 2241 challenge. However, it is apparent that Petitioner is not seeking to challenge the execution of his sentence pursuant to 28 U.S.C. § 2241. Accordingly, the Court declines Petitioner's request that his petition be interpreted as such.

Because Petitioner is challenging a conviction that he has previously challenged, the Court concludes that it lacks jurisdiction over Plaintiff's claims. *See Berryhill v. Evans*, 466 F.3d 934, 937 (10th Cir. 2006), *cert. denied*, 127 S.Ct.1377 (2007). In accordance with Judge Argo's Report and Recommendation, this matter will be transferred to the United States Court of Appeals pursuant to 28 U.S.C. § 1631. The Report and Recommendation is ADOPTED in its ENTIRETY.

IT IS SO ORDERED this 5th day of October 2007.

_David L. Russell_
DAVID L. RUSSELL
UNITED STATES DISTRICT JUDGE